William R. BLACKBURN,
Nancy J. Ebersole, Marian C. LaBare,
William J. Norton, Andrea S. Elway-Norton,
William L. Zyp, Mary C. Forestieri,
Lagea Presuit, Paul J. Bodman
and Spencer Hooker,
*Petitioners,*

*v.*

OREGON EDUCATION ASSOCIATION,
*Respondent.*

(UP-31-89; CA A79751)

873 P2d 485

John C. Scully argued the cause for petitioners. With him on the brief were Gary V. Abbott, Hallmark, Heating & Abbott, P.C., and National Right to Work Legal Defense Foundation.

Monica A. Smith argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Petitioners seek judicial review of an Employment Relations Board (ERB) order dismissing their complaint for unfair labor practices on the ground that it was not timely filed. We affirm.

Petitioners are nonunion employees of Oregon public schools and of Lane Community College, and are members of bargaining units represented by respondent Oregon Education Association (OEA). They contend that various assessments of fair share fees by OEA constitute unfair labor practices, in violation of ORS 243.672(1)(a) and (c).

A fair share fee is a fee charged to nonunion public employees who are members of a bargaining unit. The fee is intended to insure that all employees who benefit from the collective bargaining process pay their share of the costs of that process. A fair share fee based on the costs of collective bargaining may be constitutionally assessed, but nonunion public employees may not be compelled to contribute funds for other union purposes. *Abood v. Detroit Board of Education*, 431 US 209, 97 S Ct 1782, 52 L Ed 2d 261 (1977). Furthermore, a fair share fee may be assessed only if three procedural safeguards are satisfied, ensuring that fair share fees are not used for impermissible purposes. *Chicago Teachers Union v. Hudson*, 475 US 292, 106 S Ct 1066, 89 L Ed 2d 232 (1986). First, the union must provide adequate information about the basis for the amount of the assessment. Second, the union must provide a procedure for objecting to the assessment. Third, the state must provide a reasonably prompt and impartial mechanism for resolving objections. 475 US at 305-07.

OEA assessed petitioners a fair share fee at the beginning of the 1988-89 school year, with deductions to begin "on or before September 17, 1988." On March 17, 1989, petitioners filed an unfair labor practice complaint with ERB, alleging that, under *Hudson*, there were five defects in OEA's procedure for assessing that fee. Petitioners filed an amended complaint in April, 1989. ERB stayed proceedings pending judicial review in *Elvin v. OPEU*, 313 Or 165, 832 P2d 36 (1992), a case that involved similar issues. On May 1, 1992,

the Supreme Court issued its opinion in *Elvin*.[1] On June 12, 1992, petitioners filed a second amended complaint, alleging that the intervening 1989-90, 1990-91 and 1991-92 fair share fee assessments suffered from the same five defects under *Hudson* as the 1988-89 assessment.

The parties settled the claim based on the 1988-89 fee. OEA then moved to dismiss the claims based on the fees assessed for the 1989-90, 1990-91 and 1991-92 academic years on the ground that those claims were not timely filed. ERB granted that motion and issued a final order dismissing the case.

■    As noted above, petitioners contend that OEA's alleged *Hudson* violations in its fair share fee assessments constitute unfair labor practices under ORS 243.672(1)(a) and (c). An unfair labor practice complaint must be filed "not later than 180 days following the occurrence of an unfair labor practice." ORS 243.672(4). The central issue on appeal is whether petitioners' second amended complaint relates back to the original complaint of March 17, 1989. If the second amended complaint does not relate back, it is untimely with respect to any violation that occurred more than 180 days before June 12, 1992, the date on which it was filed.

This case essentially concerns ERB's interpretation of ORS 243.672. We review to determine whether ERB's interpretation of the statute was erroneous. ORS 183.482-(8)(a).

Petitioners argue that their amended complaint relates back, because OEA's allegedly unlawful fair share fee assessments constituted "a continuing violation of the law." If the alleged violations may be fairly characterized as one *ongoing* violation, then the second amended complaint arguably sets forth the same conduct, transaction or occurrence set forth in the original complaint.

In *Oregon City Fed. of Teachers v. OCEA*, 36 Or App 27, 584 P2d 303 (1978), the petitioners filed a complaint on November 10, 1976, alleging that the respondent's fair share

---

[1] The court held that, "under ORS 243.676(2)(c), ERB has the authority to order restitution as a remedy for an unfair labor practice under [the Public Employees Collective Bargaining Act]." 313 Or at 179.

fee assessment for the 1975-76 school year was an unfair labor practice. Thereafter, they amended the complaint to allege that the 1974-75 assessment was similarly unlawful. On appeal, the petitioners contended that the latter claim was timely, because the respondent's fair share fee assessments were a continuing violation. We rejected that contention, and held that each assessment constituted a separate violation. That conclusion is equally applicable here: Each fair share fee assessment is a discrete event, and repeated unlawful assessments are discrete violations.[2] Therefore, the claims asserted in petitioners' second amended complaint did not arise out of the same conduct, transaction or occurrence that was set forth in the original complaint. Because the second amended complaint does not set forth the same conduct, transaction or occurrence that was set forth in the original complaint, petitioners' second amended complaint does not relate back to the original complaint. ERB correctly dismissed the second amended complaint with respect to alleged unfair labor practices that occurred more than 180 days before the second amended complaint was filed.

■   Even if their second amended complaint does not relate back, petitioners contend that it is still timely with respect to any fair share fee installment paid within 180 days of the filing of that complaint. ERB held that the 180-day limitation period begins to run when the first assessment of the year is made, accompanied by the information required by *Hudson*. Based on that holding, it ruled that the second amended complaint was untimely even with respect to installments paid within 180 days of its filing.

ERB expressly recognized that its ruling on that issue was inconsistent with our decision in *Oregon City Fed. of Teachers v. OCEA, supra*, where we held that the complaint could reach any payments made within 180 days of its filing. 36 Or App at 34. ERB held that

"the *Hudson* and *Elvin* decisions required an annual procedure to establish the amount of a fair share fee and, accordingly, a calculation of the 180-day filing period that is

---

[2] Petitioners' contention that *Oregon City Fed. of Teachers* is inapposite because it involved prior conduct, while this case involves subsequent conduct, is unpersuasive.

different than that applied in the *Oregon City Education Association* decision."

We agree with ERB. The late *Hudson* and *Elvin* decisions have superseded that part of our 1978 holding in *Oregon City Fed. of Teachers v. OCEA, supra,* regarding when the 180-day period commences. When a union makes an annual assessment of fair share fees, accompanied by a *Hudson* notice, and it permits members of the collective bargaining unit to pay that assessment in installment payments over the year, the limitations period runs from the time of the assessment, not from the time of each payment.

Affirmed.